No. ——
First Circuit
——

## CUNNINGHAM v. MITCHEL ET ALS.

——

(February 15, 1928.  Opinion and Decree.)

——

(*Syllabus by the Editor*)

1. **Louisiana Digest—Timber—Par. 1, 3, 10.**

Where sale of timber with "fourteen top sixteen feet from the ground" is made, and some other timber is cut unintentionally, it being very hard to estimate dimensions of standing timber, there will be no judgment for damages.

2. **Louisiana Digest—Timber—Par. 7, 14; Damages—Par. 91.**

Where the evidence in suit for breach of contract fails to show the amount of loss resulting by the cutting of trees and other loss from sale of timber not included in the contract, there can be no damages awarded.

3. **Louisiana Digest—Damages—Par. 91.**

Where there is no proof of damages resulting from loss of time on account of alleged breach of contract there can be no award of damages therefor.

Appeal from the Parish of Livingston. Hon. Columbus Reid, Judge.

Action by George W. Cunningham against W. L. Mitchel et als.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Robert M. McGehee, of Hammond, attorney for plaintiff, appellant.

Rownd & Warner, of Hammond, attorneys for defendant, appellee.

MOUTON, J.  In May, 1926, plaintiff sold some standing timber on a tract of land desecribed in his petition.  The sale was made to W. L. Mitchel, who by the same contract transferred the timber to L. W. Prime.  The contract of sale is of timber "with 14 top, 16 feet from the ground".  This description is rather vague, but it was to some extent clarified by the testimony.  The complaint is that Mitchel and Prime, in violation of the terms of the contract, cut timber on the land of "every description".  An injunction was obtained by plaintiff to stop this cutting.  Damages were asked for the sum of $900.00; $275.00 for loss from sale of timber not included in the contract; $500.00 for illegal trespassing, cutting and removing of the timber; and $125.00 for loss of time and expenses.

Mitchel had nothing to do, or very little, with the cutting of this timber which the contract shows he conveyed to Prime.  The latter was the one in possession, and who did the cutting under the agreement.  The proof shows that Prime had a mill on the land where much of this timber was sawed.  The man in charge of this sawmill testified that the logs or trees he sawed came up to the size which was specified in contract.

Bossell, and other witnesses, who were employed by Prime to fell the timber, testified that they tried to cut trees ranging from 16 inches down which they say was in accordance to the instructions of their employer, Prime.  The agreement was that the trees cut from the land were to measure 14 top, 16 feet from the ground.  Some of those cut by Prime exceeded this measurement by about 2 inches top, and. 2 inches in length.  Thus, was there a small discrepancy between the size of the timber, as specified in the contract, and those of the larger dimensions, that were felled.  It is shown that it is almost impossible to estimate correctly the size of standing timber, and the proof shows that when the cuttings exceeded the proportion of the trees referred to in the contract, such cut-

tings were not at all intentional on the part of Prime.

The evidence also fails to show what was the amount of loss that resulted to plaintiff, if any, by the cutting of the trees which exceeded by a few inches the size of those that had been transferred under the agreement. The determination of the foregoing involves the main issue presented in the case, and the evidence is altogether insufficient to sustain the demand in that respect. It also falls short of establishing with any degree of certainty that plaintiff suffered any loss from the sale of timber not included in the contract, and it is still more unsatisfactory as to expenses suffered by plaintiff or loss of time, which forms one of the items in his claim for $900.00. There is also no proof to support the alleged trespass and the damages claimed therefor.

The claim was properly denied. Judgment affirmed.